IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MORRIS,

        Plaintiff,                      No. CIV S-05-2214 ALA P

        vs.

CALIFORNIA BOARD OF
PRISONS TERMS, et al.,

        Defendants.               <u>ORDER</u>

        Plaintiff Robert Morris is a state prisoner proceeding *pro se* and *in forma pauperis*. Mr. Morris filed a complaint on November 2, 2005, seeking relief pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. On October 11, 2006, the complaint was dismissed with leave to amend pursuant to 28 U.S.C. § 1915A. *See* Docket No. 7. On December 1, 2006, Mr. Morris filed an amended complaint. *See* Docket No. 11.

        Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, this Court must screen complaints brought against a governmental entity, or officer or employee of a governmental entity. The Court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b). A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke*

1

*v. Williams*, 490 U.S. 319, 325 (1989).  "At this stage of the litigation, [this Court] must accept [plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*.

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006).

An amended or supplemental complaint "supersedes the original [complaint], the latter being treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (holding that *pro se* inmates' amended complaint superseded their original complaint so that all causes of action alleged in the original complaint, which were not alleged in the amended complaint, were waived); E.D. Local Rule 15-220 (explaining that every amended pleading "shall be retyped and filed so that it is complete in itself").  "Pro se litigants must follow the same rules of procedure that govern other litigants." *King*, 814 F.2d at 567.  In the Order that dismissed Mr. Morris's original complaint, the Court specifically explained:

> [P]laintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.*

Docket No. 7 at 5:10-17 (emphasis added).

Mr. Morris's amended complaint, however, does not set forth specific claims against specific defendants.  Instead, Mr. Morris generally challenges parole procedures and seeks declaratory and injunctive relief.  Am. Compl. at 2.  The only named

2

1  defendant, "California Board of Prisons Terms," appears on the caption page.  As
2  explained in the Order that dismissed his original complaint, "The Board and the
3  Department of Corrections are not a 'person' under § 1983.  Moreover, these defendants
4  would be entitled to Eleventh Amendment immunity.  *See Pennhurst State School &*
5  *Hosp. v. Halderman*, 465 U.S. 889, 100 (1984) (Eleventh Amendment proscribes suit
6  against state agencies 'regardless of the nature of the relief sought.')."  Docket No. 7 at
7  4:22-25.  Because Mr. Morris has failed to allege in specific terms how particular
8  defendants were involved in violating his constitutional rights, he has failed to state a
9  claim and his amended complaint must be dismissed.  *See, e.g., Taylor v. List*, 880 F.2d
10 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of
11 personal participation by the defendant.").
12        Moreover, instead of setting forth specific factual allegations, Mr. Morris's
13 amended complaint appears to be a legal argument.  For example, as "Exhibit A" to the
14 amended complaint, Mr. Morris attaches a copy of a case in which a petitioner, who
15 challenged the governor's reversal of parole, was granted habeas relief.  Am. Compl., Ex.
16 A ( *Martin v. Marshall*, 431 F. Supp. 2d 1038 (N.D. Cal. 2006)).  In another portion of
17 the amended complaint, Mr. Morris cites to numerous other cases and titles the section:
18 "IN ACCORDANCE WITH THE DECISIONS OF THE UNITED STATES SUPREME
19 COURT AND THE FINDINGS OF THE STATE SUPREME COURT, CALIFORNIA'S
20 INDETERMINATELY SENTENCED PRISONERS POSSESS A FEDERALLY
21 PROTECTED LIBERTY INTEREST."  Am. Compl. at 9.
22        These types of contentions do not meet the requirements of Rule 8 of the Federal
23 Rules of Civil Procedure.  Rule 8 requires that plaintiffs use "a short and plain statement
24 of the claim showing that the pleader is entitled to relief" and that the complaint be
25 "simple, concise, and direct."  FED. R. CIV. P. 8(a)–(e).  *See also Swierkiewicz v. Sorema*
26 *N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading

3

system, which was adopted to focus litigation on the merits of a claim."); *McHenry v. Renne*, 84 F.3d 1172, 1175, 1180 (9th Cir. 1996) (affirming dismissal with prejudice of § 1983 complaint for violation of Rule 8 after warning to correct "narrative rumblings" and "storytelling").

Therefore, IT IS HEREBY ORDERED that Mr. Morris's amended complaint is dismissed without prejudice.

/////

Dated: November 28, 2007

                                       /s/ Arthur Alarcón
                                       UNITED STATES CIRCUIT JUDGE
                                       Sitting by Designation